CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 16 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC LA'MONT GLOVER, | ) | Civil Action No. 7:12cv00378 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| BLUE RIDGE JAIL MEDICAL DEPARTMENT, | ) | |
| | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Plaintiff Eric La'mont Glover, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 to get his dentures repaired. Discerning no plausible claim to relief, the court dismisses Glover's complaint.

On June 6, 2012, Glover was eating a fish dinner at the Lynchburg Adult Detention Center when one of the teeth on his dentures "popped out of space." Glover filed several complaints with prison staff, seeking to have the tooth replaced. Meeting with no success, Glover filed this lawsuit.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Though the familiar rules of pleading are greatly relaxed for *pro se* plaintiffs, see Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985), district courts are required to review prisoner complaints and must either "identify cognizable claims or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted." § 1915A(b).

Section 1983 of Title 42 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). Here, Glover has alleged that his dentures are missing a tooth, that his prison facility is unable to repair the dentures, and that he needs transportation to Affordable Dentures in Bedford, Virginia to have his dentures repaired. In the light most favorable to him, Glover's only § 1983 claim under these facts is an Eighth Amendment claim for deliberate indifference to a serious medical need. However, the facts alleged do not rise to the level of an Eight Amendment violation. Without more, then, Glover has not stated a plausible claim to relief under 42 U.S.C. § 1983. Accordingly, the court will dismiss Glover's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: August 15, 2012.

UNITED STATES DISTRICT JUDGE